"a" of section 60 of the bankrupt act, and that the plaintiff was not entitled to recover.

It follows that the judgment appealed from must be affirmed, with costs. All concur; PATTERSON, J., in result.

---

NEW YORK MUT. SAVINGS & LOAN ASS'N v. MANCHESTER FIRE ASSUR. CO.

(Supreme Court, Appellate Division, Fourth Department. May 3, 1904.)

1. INSURANCE—AWARD BY UMPIRE AND ONE APPRAISER—PROPRIETY.

A fire policy provided that, on disagreement as to the amount of loss, it should be ascertained by two appraisers, one selected by the insured and one by the insurer, who should first select an umpire, to whom, on failing to agree, they should submit their differences; the written award of any two to determine the loss. *Held,* that an award made by the umpire and one appraiser on estimates of the latter, which the umpire had merely shown to the other appraiser, but without any conference of the appraisers at which estimates were submitted, was void.

2. SAME—ACTION TO SET ASIDE AWARD AND FOR DAMAGES.

An action may be maintained to set aside an award by insurance appraisers, and, if successful in that regard, then for a recovery on the policy of the actual loss sustained.

Appeal from Judgment Entered on Report of Referee.

Suit by the New York Mutual Savings & Loan Association against the Manchester Fire Assurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The defendant issued a policy of insurance, dated April 10, 1896, insuring the dwelling house on Hazeltine avenue, in the city of Buffalo, in the sum of $1,600, to the owner, and payable to the plaintiff, as mortgagee, and whose mortgage exceeded the amount of the policy. On the 5th day of December, 1898, and during the life of the policy, the insured property was totally destroyed by fire. The policy was of the standard form, and contained the following clause: "In the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraiser respectively selected by them and shall bear equally the expenses of the appraisal and umpire." The parties disagreed as to the amount of the loss, and, in compliance with this provision, two appraisers were duly appointed, and they selected an umpire. The umpire and Mr. Vanderwerf, the appraiser chosen by the appellant, agreed upon and signed an award for $1,032, in which Mr. Howell, the other appraiser, declined to join. This action is commenced to set aside said appraisal, and to recover the value of the property burned.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Seward A. Simons, for appellant.
Thomas E. Boyd, for respondent.

¶ 2. See Insurance, vol. 28, Cent. Dig. § 1434.

SPRING, J. Mr. Howell was familiar with the house destroyed, and, at the suggestion of the other appraiser, prepared a plan of it, and submitted it to him. Mr. Howell claimed the building was worth the amount of the policy, and was totally destroyed, and on that account the only fact to be ascertained by the others was whether the destruction was complete. He and Mr. Vanderwerf had three meetings, each for a few moments only, and no comparisons of estimates was had by them, and no figures were submitted to Howell by Vanderwerf at any time. Vanderwerf took the plans, and made his estimate, and gave it to the umpire, Metz. The latter brought it to Howell, saying they were the figures of Vanderwerf, and Howell refused to agree to them.

The scheme of appraisal contemplates that the two appraisers shall estimate the amount of the loss, and in case of their disagreement "their differences" shall be submitted to the umpire. It is not within the purpose of the provision that one appraiser shall present no estimate to his associate appraiser, but confer with the umpire in the absence of, and without any notice whatever to, the other appraiser. In this appraisal, so far as we can gather from the testimony, Metz accepted without modification the estimate prepared by the appraiser representing the defendant. This was not fair to the plaintiff or to the owner. It is somewhat significant that neither Metz nor Vanderwerf was sworn, and there is nothing to exculpate them from the suggestion that they did not act openly and in a judicial manner. While the policy of the courts is to give full effect to this wholesome provision for the ascertainment of damages accruing upon an insurance policy, they have been strenuous in condemning any practice which in appearance savors of unfairness, even though no actual bad faith is shown. In Schmitt Bros. v. Boston Insurance Company, 82 App. Div. 234, 81 N. Y. Supp. 767, the appraiser chosen by the defendant and the umpire made the award together in the absence of the other appraiser, and without any notice to him or to the insured. The award was set aside by the Special Term, and its judgment was affirmed. The court say at page 238, 82 App. Div., page 769, 81 N. Y. Supp.:

"In an ordinary appraisement, where the parties charged with that duty act in a proper manner, no notice to the insured is necessary, because he is at all times represented by the appraiser whom he has selected, and who is there for the purpose of protecting his interest. It is quite a different thing where an umpire and appraiser for the defendant assume to enter upon a consideration of the questions necessarily involved in making the award, in the absence of the appraiser for the insured, and without notice either to him or to the insured. Under such circumstances, the insured stands without that representation to which he is entitled, and an appraisement and award made under such circumstances will not be permitted to stand, even though there be no basis on which to predicate a charge of bad faith. It is not such an appraisement as the law contemplates, or for which the contract of insurance provided, but is a one-sided proceeding, in which only one party is represented; and, if there were no other reasons to be assigned in support of the judgment of the court, this fact would be quite sufficient to sustain his conclusion that the award was improperly made."

See, also, Strome v. London Assurance Corporation, 20 App. Div. 571–573, 47 N. Y. Supp. 481, affirmed in 162 N. Y. 627, 57 N. E. 1125;

Kaiser v. Hamburg-Bremen Fire Ins. Co., 59 App. Div. 525–530, 69 N. Y. Supp. 344.

The principle underlying these decisions is that whenever one assumes to act in a judicial capacity, whether as judge, referee, arbitrator, or umpire, he must be free from the suggestion of bias against either party to the controversy. The award in the present case apparently was made by Vanderwerf alone, without the knowledge of Howell, and was submitted to and acquiesced in by the umpire also without any consultation with the other appraiser, and there has been no endeavor to explain this situation.

The referee has found the value of the property destroyed to be $1,300, and the proof abundantly sustains this finding. The difference between this sum and the award is not grossly inadequate, but proportionately the diminution from the actual value comes within the rule of condemnation administered in Kaiser v. Hamburg-Bremen Ins. Co., supra. There the award was of $3,031, and the loss, as found by the referee, $3,830.28; the percentage of difference being substantially the same as here. There was a substantial loss to the plaintiff, and that is the test in determining whether the award was in fact insufficient. An action may be maintained to set aside the award, and, in the event of accomplishing that result, to recover for the actual loss sustained. Bradshaw et al. v. Agricultural Ins. Co., 137 N. Y. 137, 32 N. E. 1055; Maher v. Home Ins. Co., 75 App. Div. 226, 78 N. Y. Supp. 44; cases above cited. The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.