MAYER v. HOME INS. CO. et al.

(Supreme Court, Appellate Division, First Department. February 7, 1908.)

1. INSURANCE—ADJUSTMENT OF LOSS—CONCLUSIVENESS OF AWARD.
    The award of appraisers under a fire insurance policy is conclusive against the insured until set aside.

2. PARTIES—JOINDER OF DEFENDANTS.
    Insured held two fire policies of unequal amounts in two companies; each company to pay the proportional share of loss, if any. After loss, insured appointed an appraiser, and the two companies appointed one person as the other appraiser, and the appraisers appointed an umpire. Held, that a petition to set aside the appraisers' award for fraud, against both companies jointly, did not join improper defendants; there being but a single appraisal under the two policies, and the interest of the two companies in the appraisal being the same.

3. SAME.
    In equity it is proper to join as defendants in an action different persons guilty of independent acts which combine to produce an injury to the plaintiff.

4. INSURANCE—ADJUSTMENT OF LOSS—FRAUDULENT AWARD.
    Where an appraisal on behalf of several insurance companies is fraudulently made, one company innocent of the fraud is not protected by it, because the award is for the benefit of all, and vitiated by the fraud of one.

5. SAME—AWARD OF APPRAISERS—ACTION TO SET ASIDE—RELIEF.
    Where an action is brought in equity to cancel an award made under insurance policies issued by the joint defendants for fraud in the amount awarded, the court, on decreeing cancellation, may give personal judgment against the defendants for the actual amount of the loss for which they are liable.
    Scott, J., dissenting.

Appeal from Trial Term, New York County.

Suit by David Mayer against the Home Insurance Company and another. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Argued before INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Henry H. Abbott, for appellant.
Dickinson W. Richards, for respondent.

HOUGHTON, J. The action is to set aside an award made by appraisers appointed pursuant to the terms of a standard fire insurance policy to determine the amount of loss by fire. The complaint alleges that the plaintiff was insured against loss by fire by policies issued by the appellant, Home Insurance Company, and defendant Phœnix Assurance Company, Limited, of London, in different amounts, the loss, if any, to be borne proportionately according to the amounts of the respective policies; that a partial loss by fire occurred; that, disagreement as to the amount of loss sustained having arisen, appraisers were selected, the plaintiff selecting one to act under both policies and the two defendant companies selecting the same person to act for both; that the two appraisers, being unable to agree, under the terms of the submission selected a third one, or umpire; that by reason of improper and illegal practices the appraiser selected by defendants induced the

umpire to join with him in making an unfair and illegal award and determination of the loss sustained at an amount much less than it actually was; that the loss thus ascertained has not been accepted; and that the actual loss was $4,812, instead of $2,812, as fixed by the alleged illegal award. The relief asked is that the award be set aside and that each defendant be adjudged to pay its proportionate share of the actual loss.

The defendant Home Insurance Company demurred to the complaint, on the ground that causes of action were improperly united, in that the action was brought to set aside an appraisal had under the terms of two separate and distinct policies of insurance, one issued by each defendant, whose interests were distinct and not joint, and on the further ground that the complaint failed to state facts sufficient to constitute a cause of action, which demurrer was sustained. Until set aside, the award was conclusive upon the plaintiff. Remington v. London Assurance Co., 12 App. Div. 218, 43 N. Y. Supp. 431; Fleming v. Phœnix Assurance Co., 75 Hun, 530, 27 N. Y. Supp. 488. If the award was improperly or fraudulently obtained, the plaintiff had a cause of action against the defendant companies, either separately or conjointly, to set it aside. We think he could join both defendants in one action for that purpose. While there were two policies of insurance, the award was obtained by the joint action of the two companies, and not by two separate and distinct appraisals. Both were interested in the common object of diminishing the total loss, which was to be apportioned between the two. One appraiser represented both. His fraud or improper acts inured to the benefit of both in procuring, as is alleged, a grossly inadequate award.

In equity it is proper to join as defendants in one action different persons guilty of independent acts which combine to produce an injury to the plaintiff. Warren v. Parkhurst, 105 App. Div. 239, 93 N. Y. Supp. 1009; Id., 186 N. Y. 45, 78 N. E. 579, 6 L. R. A. (N. S.) 1149. Much more is it proper to join defendants whose joint act produces the injury. The appraiser who is alleged to have fraudulently and improperly induced the umpire to act with him was the common appraiser of both defendants. Each defendant benefited by his act. While each defendant issued separate policies, and was liable only by the terms of its separate contract, both were interested in the common object of reducing the amount of the award, and both benefited by the reduction resulting in plaintiff's injury. Where an appraisal in behalf of several insurance companies is fraudulently had, one company, innocent of the fraud, is not protected by it, because the award is for the benefit of all and is vitiated by the fraud of one. Kaiser v. Hamburg-Bremen Fire Ins. Co., 59 App. Div. 525, 69 N. Y. Supp. 344; affirmed 172 N. Y. 663, 65 N. E. 1118. Nor is the complaint rendered bad because the plaintiff asks that, if the award shall be set aside, each defendant be adjudged to pay the loss in proportion to the amount of the policy of each. Even if it were possible for plaintiff to bring an action at law, and in that action determine the validity of the award, which we do not decide, still it was entirely proper for him, if he saw fit, to bring an action in equity to have it vacated. Equity thus acquiring jurisdiction of the matter, it will render complete justice between

the parties, though it may require a personal judgment to accomplish' it. Valentine v. Richardt, 126 N. Y. 272, 27 N. E. 255.

The main object of the action is to set aside the award. Presumably the defendants are willing to pay the amount awarded. In order, however, that the plaintiff may recover what he claims to be his actual loss, he must get rid of the award, which limits the amount of his recovery. It is true that the ultimate object of plaintiff is to obtain his money; but to do this he asks that the award be nullified, so that he may obtain more than was awarded to him and what he claims is due him. Actions in equity to set aside an award, and, if that be done, to recover the amount of the loss, are not infrequent, and have been quite uniformly sustained. Schmitt v. Boston Ins. Co., 82 App. Div. 234, 81 N. Y. Supp. 767; Strome v. London Assurance Corp., 20 App. Div. 571, 47 N. Y. Supp. 481; Kaiser v. Hamburg-Bremen Fire Ins. Co., supra; N. Y. Mutual Savings Ass'n v. Manchester Assurance Co., 94 App. Div. 104, 87 N. Y. Supp. 1075; Bradshaw v. A. Ins. Co., 137 N. Y. 137, 32 N. E. 1055. We are of the opinion that the action was properly brought against both defendants, and that the complaint states a good cause of action, and that the demurrer was improperly sustained.

The interlocutory judgment should be reversed, with costs, and the demurrer overruled, with costs, with the usual leave to defendant to withdraw its demurrer and answer, upon payment of costs. All concur, except SCOTT, J., who dissents.