EARL A. CASE, Respondent, *v.* BERT L. CASE, Appellant.

Contract — agreements under seal — contract under seal, by which one brother agrees to support his mother, cannot be enforced by another brother not a party to it, although the latter joined in the consideration for the contract.

1. As a general rule an instrument under seal cannot be enforced by or against one who is not a party to it, although a different rule exists as to simple contracts on which an action may be brought by or against the real principal, although he is not named in the instrument.

2. This action is brought by the plaintiff against his brother, upon a contract under seal, made by the latter with his mother for her support and maintenance. The contract recites that it was entered into by the defendant upon the consideration that the mother, who is the other party thereto, had united with the plaintiff in a deed of a farm to the defendant, and that by the contract, based upon that consideration, the defendant bound himself to support the mother during her life. The complaint alleges that the defendant failed to keep this covenant, and that by reason of such failure the plaintiff has been compelled to support and maintain the mother, for the expense of which he asks judgment. *Held*, that the action cannot be maintained as the mother alone has the right to enforce the contract.

*Case* v. *Case*, 137 App. Div. 393, reversed.

(Argued October 10, 1911; decided October 24, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 12, 1910, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*D. P. Morehouse* for appellant. No cause of action in favor of the plaintiff was proven upon the trial. (*Buchanan* v. *Tilden,* 158 N. Y. 109; *Van Cleave* v. *Clark,* 3 L. R. A. 519; *Durnherr* v. *Rau,* 135 N. Y. 219; *Garnsey* v. *Rogers,* 47 N. Y. 233; *Vrooman* v. *Turner,* 69 N. Y. 280; *Lorillard* v. *Clyde,* 122 N. Y. 498; *Lawrence* v. *Fox,* 20 N. Y. 268.)

*F. T. Cahill* for respondent. If one person makes a promise to another for the benefit of a third person, the third person may maintain an action on the promise. (*Todd* v. *Weber,* 95 N. Y. 181; *Sullivan* v. *Sullivan,* 161 N. Y. 554; *Lawrence* v. *Fox,* 20 N. Y. 268; *Shepard* v. *Shepard,* 7 Johns. Ch. 56; *Barker* v. *Bucklin,* 2 Den. 45; *Judson* v. *Gray,* 17 How. Pr. 289; *Hendrick* v. *Lindsay,* 93 U. S. 143; *Schemerhorn* v. *Vanderheyden,* 1 Johns. 139; *Turk* v. *Ridge,* 44 N. Y. 201; *Thorp* v. *Keokuk Coal Co.,* 48 N. Y. 254.)

WERNER, J. The controlling question in this case is whether an action can be maintained upon a contract under seal by one who is not a party to the instrument. The action is brought by the plaintiff against his brother, upon a contract under seal, made by the latter with his mother for her support and maintenance. The contract recites that it was entered into by the defendant upon the consideration that the mother, who is the other party thereto, had united with the plaintiff in a deed of a farm to the defendant, and that by the contract, based upon the consideration, the defendant bound himself to support the mother in health and in sickness during her life.

The complaint alleges that the defendant failed to keep the covenant thus entered into by him, and that by reason of such failure the plaintiff has been compelled to support and maintain the mother at an expense to him in the sum of five hundred dollars, for which amount, with interest, he asks judgment. The case was tried and submitted to a jury with the result that the plaintiff was given a verdict for three hundred and ninety-two dollars. From the judgment entered upon that verdict an appeal was taken to the Appellate Division where there was a unanimous affirmance.

Before any evidence had been taken, counsel for the defendant moved to dismiss the complaint upon the ground that it does not state a cause of action in favor of the plaintiff against the defendant, and on the argument in support of the motion he directed the attention of the trial court to the specific objection that the contract, being a sealed instrument, was not between the plaintiff and the defendant, but between the defendant and his mother, and that the latter was not a party to the action. The motion to dismiss the complaint, thus made at the opening of the case, was denied, and to this ruling of the court the defendant's counsel duly excepted. Upon appeal to this court, such an exception survives the unanimous affirmance at the Appellate Division, and it is, therefore, our duty to determine whether the exception was well taken.

Nothing is more definitely settled in our law than that an instrument under seal cannot be enforced by or against one who is not a party to it. This is so elementary as to be axiomatic and needs no support in the citation of authorities. A different rule exists as to simple contracts upon which, for reasons adverted to in *Briggs v. Partridge* (64 N. Y. 357, 362), actions may be brought by or against the real principal although he is not named in the instrument. There are exceptions to the rigid rule that only the parties to a contract under seal can

be parties to a litigation for its enforcement, such, for instance, as a suit to enforce an ante-nuptial agreement for a marriage settlement by the person for whose benefit it was made (*Phalen* v. *U. S. Trust Co.*, 186 N. Y. 178, 187), but even in such cases it is the rule, both in law and equity, that mere volunteers or strangers to the consideration have no standing in court. (*Borland* v. *Welch*, 162 N. Y. 104.) The case at bar is not within this or any other exception to the general rule, for the plaintiff is a mere volunteer who is not a party to the contract and who is an utter stranger to the consideration.

The learned justice who wrote for the Appellate Division was impressed with the view that the contract was made for the benefit of the plaintiff, since he was under the legal and moral obligation to support his mother, and that the effect of the contract was to relieve him from that obligation. It was also deemed a circumstance of controlling weight that the conveyance to the defendant of the farm, the title to which appeared to have been in the plaintiff, furnished a consideration which invested the latter with the right to enforce the contract. We are unable to subscribe to that view and we find direct authority against it in one of the cases cited to support the judgment below. In *Durnherr* v. *Rau* (135 N. Y. 219) the plaintiff sought to enforce a covenant in a deed made by her husband to the defendant, to the effect that the grantee would pay certain mortgages upon the premises conveyed. The wife had joined her husband in the execution of these mortgages, but had expressly reserved her dower right from the operation of the deed. In that case this court held that the wife's joinder in the mortgages was a voluntary surrender of her right for the benefit of her husband, and bound her interests to the extent necessary to protect the mortgagees. There, in short, the whole doctrine was summed up in one pregnant paragraph. "It is not sufficient," said Judge Andrews, "that the performance of the covenant may benefit a

third person.   It must have been entered into for his benefit, or at least such benefit must be the direct result of performance and so within the contemplation of the parties, and in addition the grantor must also have a legal interest that the covenant be performed in favor of the party claiming performance." (p. 222.)   In the case at bar the covenants of the agreement were made for the benefit of the mother, and she alone had a legal interest in their enforcement.   Without going further into the by-paths of distinctions and refinements, it is enough to repeat that this is an action upon an agreement under seal to which the plaintiff is not a party.   It can only be enforced by the mother, who is a party thereto, and for whose benefit it was made.

The judgment should be reversed and a new trial granted, with costs to abide event.

CULLEN, Ch. J., WILLARD BARTLETT, HISCOCK, CHASE and COLLIN, JJ., concur; VANN, J., absent.

Judgment reversed, etc.