(81 Misc. Rep. 334.)

### LOCKWOOD et al. v. SMITH.

(Supreme Court, Trial Term, Suffolk County. June, 1913.)

1. CONTRACTS (§ 186*)—ENFORCEMENT—THIRD PERSONS.

    Where, by a written agreement, a grantee agreed to support the grantors during their lives and to pay their funeral expenses, no action could be maintained thereon for the funeral expenses by parties claiming under the undertaker, who was not a party to the agreement, whether such agreement was under seal or not.

    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 790–797; Dec. Dig. § 186.*]

2. FRAUDULENT CONVEYANCES (§ 208*) — PROSPECTIVE CREDITORS — FUNERAL EXPENSES.

    That a decedent in good faith disposes of all his property prior to his death does not·constitute a fraud upon an undertaker who buries him;

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a decedent being under no obligation to preserve or retain his property until his death, to be used to pay his funeral expenses.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 631, 633; Dec. Dig. § 208.*]

Action by Maud A. Lockwood and others against Jarvis E. Smith. Judgment for defendant.

Jetur W. Hand, of Riverhead, for plaintiffs.

Jarvis E. Smith (Robert S. Pelletreau, of Patchogue, of counsel), for defendant.

JAYCOX, J. [1] This action is brought to recover the funeral expenses of one Thomas Atkin. During his lifetime said Thomas Atkin and Ann E. Atkin, his wife, entered into a written agreement with the defendant, in consideration of the conveyance of certain real estate, to support the said Ann E. Atkin and Thomas Atkin during the term of their natural lives, and at their decease to pay their respective funeral expenses. The making of the agreement, the conveyance of the property to the defendant, the rendition of the services, and their reasonable value are all admitted. The defendant, however, says that he cannot be sued by these plaintiffs under the agreement in question as it is under seal, and relies upon Case v. Case, 203 N. Y. 263, 96 N. E. 440, Ann. Cas. 1913B, 311, as absolute authority for his position.

That case recognizes the fact that there are exceptions to the rule which prevents a person not a party to an instrument under seal from bringing suit thereon, and my examination of the cases leads me to the conclusion that the presence or absence of a seal has had very little bearing upon decisions of the courts. The case in question states:

"The case at bar is not within this or any other exception to the general rule, for the plaintiff is a mere volunteer, who is not a party to the contract, and who is an utter stranger to the consideration."

Under these circumstances the plaintiff would not be entitled to recover whether the agreement was under seal or not. Later in the opinion it is said that in Durnherr v. Rau, 135 N. Y. 219, 32 N. E. 49, Judge Andrews seems to put the whole doctrine in one pregnant paragraph, and quotes as follows:

"It is not sufficient that the performance of the covenant may benefit a third person. It must have been entered into for his benefit, or at least such benefit must be the direct result of performance, and so within the contemplation of the parties, and in addition the grantor must have a legal interest that the covenant be performed in favor of the party claiming performance."

If these elements are present the agreement has been enforced at the instance of the third party, regardless of whether the instrument was under seal or not. See Coster v. City of Albany, 43 N. Y. 399, and a long line of cases following it, down to and including Pond v. New Rochelle Water Co., 183 N. Y. 344, 76 N. E. 211, 1 L. R. A. (N. S.) 958, 5 Ann. Cas. 504; also Baird v. Erie R. Co., 148 App. Div. 452–461, 132 N. Y. Supp. 971.

The real distinction between the cases where a third party has been permitted to enforce an agreement and those in which the third party

has been denied relief is that in the former class of cases the promisee has been under some legal obligation to the third party, which that party would have a right to enforce against the promisee. That was the situation in Lawrence v. Fox, 20 N. Y. 268, and that has been the situation in all the cases in which that case has been followed. This distinction is made very clear in Vrooman v. Turner, 69 N. Y. 280, 25 Am. Rep. 195, where the grantee in a deed assumed the payment of a mortgage which covered the premises described in the deed. The grantor was not personally liable for the payment of this mortgage, and it was held that the mortgagee could not enforce the covenant in this conveyance as the grantor was not under any obligation to the mortgagee.

In the case of Coster v. City of Albany, supra, the state was about to make an improvement which would result in an injury to the plaintiffs. It was therefore under an obligation, or at least owed the duty, to these plaintiffs of indemnifying them. This duty the defendant assumed in an agreement between it and the state, and it was held that the plaintiffs could enforce that agreement notwithstanding its being under seal.

In Pond v. New Rochelle Water Co., the village of Pelham Manor owed the plaintiff, who was a resident of such village, a duty, and in the execution of that duty it had entered into a contract with the defendant, and the court held that, notwithstanding the contract being under seal, it could be enforced at the instance of a resident of said village of Pelham Manor.

If I am right in my view as to the essential elements which will permit the enforcement of a contract by a person not a party to it, it then remains but to ascertain whether or not in this case those elements are present. To state the matter more clearly I will quote from Vrooman v. Turner, supra:

"To give a third party, who may derive a benefit from the performance of the promise, an action, there must be, first, an intent by the promisee to secure some benefit to the third party, and, second, some privity between the two, the promisee and the party to be benefited, and some obligation or duty owing from the former to the latter, which would give him a legal or equitable claim to the benefit of the promise, or an equivalent from him personally."

[2] In this case it is but necessary to determine, therefore, whether the decedent, Thomas Atkin, owed any duty or obligation to the plaintiffs or their intestate. I am unable to discover any such duty or obligation. While the property of a decedent is liable for his funeral expenses, he is under no obligation to preserve or retain property until his death, that it may be subject to the payment of his funeral expenses; and, if in good faith he disposes of all of his property prior to his death, it never would be held that thereby he had committed any fraud upon one who, after his death, should see that he was decently and properly buried. I am, therefore, unable to see that at the time of making this agreement the promisee, Thomas Atkin, was under any duty or obligation to the plaintiffs or their intestate which would permit them to maintain this action. I am unable to see that there is any privity between the plaintiffs or their intestate and the promisee, Thomas Atkin, in the agreement above mentioned.

The defendant is therefore entitled to judgment dismissing the complaint.

Judgment for defendant.