HERMAN RESSLER and Others, Appellants, v. SAMPHIMOR HOLDING
CORPORATION and Others, Respondents.

First Department, May 19, 1922.

Vendor and purchaser — fraud and deceit — action by purchasers for
rescission and return of deposit — action against corporation holding
title and individuals owning said corporation — complaint sets forth
but one cause of action — complaint states good cause of action — con-
tract for sale of real property not required to be under seal — all parties
acting through dummy corporation liable in action for rescission and
return of deposit.

Complaint in an action by the purchasers of real property to have the contract
rescinded and for a return of money deposited, which is brought against a cor-
poration holding the title to the real property and individuals owning and con-
trolling said corporation, sets forth but one cause of action and states facts
sufficient to constitute a good cause of action, where it is alleged that the corpora-
tion holding the title to the property is owned and controlled by the individual
defendants; that said corporation is a mere dummy and used merely as a conduit
of title for the individual defendants and is insolvent and financially irresponsible;
that the said defendants falsely and fraudulently represented to the purchasers
that the property in question yielded an annual gross rental and income of more
than $34,000 per year, whereas in fact the gross rental or income did not exceed
$30,000 per year; that said representations were known by the defendants to be
false and fraudulent and were made for the purpose of inducing the purchasers
to enter into the agreement and to make the down payments; that said false
representations were made with the intent that the purchasers should rely
thereon and the purchasers were wholly ignorant of the falsity of the representa-
tions and did rely thereon in making the contract; that the said individual
defendants made the said false representations referred to in their own behalf
and in behalf of the corporation holding the title and would financially profit
if the sale were completed, and that the purchasers have no adequate remedy
at law.

The necessary elements in an action for fraud and deceit upon which to base the
judgment prayed for appeared in the complaint, namely, the representations
made by the defendants, their falsity, and the defendants' knowledge thereof,
plaintiff's reliance thereon and deception thereby and the injury suffered by
reason thereof.

Though the contract for the sale of the property in question was executed by the
defendant corporation under seal, a seal was not required by law, and, therefore,
all of the parties acting through the instrumentality of the dummy corporation
may be held liable in an action to rescind the contract, and upon a trial of the
action under the allegations of the complaint the purchasers may show that the
contract in fact was entered into by the defendant corporation as agent for the
individual defendants.

APPEAL by the plaintiffs, Herman Ressler and others, from
an order of the Supreme Court, made at the New York Special
Term and entered in the office of the clerk of the county of New
York on the 15th day of October, 1921, sustaining defendants'
demurrer to the amended complaint.

*Alexander Pfeiffer* of counsel [*Abraham N. Davis* with him on the brief], for the appellants.

*Henry Waldman* of counsel [*Joseph G. Abramson*, attorney for Abramson and Tiffany Realty Corporation], for the respondents.

MERRELL, J.:

In their amended complaint the plaintiffs allege that the defendants Samphimor Holding Corporation and Tiffany Realty Company are domestic corporations organized and existing under and by virtue of the laws of the State of New York. Upon information and belief, the plaintiffs further allege in their complaint that during all the times thereinafter mentioned the defendants Morris Schneider, Samuel Berlin and Philip Schapiro were directors, officers and stockholders of the said defendant Samphimor Holding Corporation, and as such would be financially benefited by the consummation of the transaction thereinafter in said complaint set forth; that the defendant Joseph G. Abramson was an attorney and counselor at law and was the attorney for the said defendant Samphimor Holding Corporation and for Morris Schneider, Samuel Berlin and Philip Schapiro, and acted for each of said defendants in the transaction therein alleged; that the said defendant Abramson was also an officer, stockholder or director of the defendant Tiffany Realty Corporation and acted as its attorney. The plaintiffs further allege upon information and belief that at all the times in the complaint mentioned the defendant Tiffany Realty Company was interested in certain real property in the complaint described, either as owner or as holder of a contract for the sale or purchase thereof; and that the said Tiffany Realty Company and the said defendant Abramson, by reason of his interest in said realty company, were and each of them was interested in the sale of said premises to the plaintiffs and derived or would have derived material benefit upon the consummation of said sale in the said complaint alleged; and that at the time of the transaction set forth in the complaint the said defendant Abramson was or had been financially interested in the said premises, either as owner or as the holder or as stockholder of a corporation holding a contract for the sale or purchase of the same, and was financially or otherwise interested in a sale to plaintiffs of said premises. Plaintiffs further allege upon information and belief that on or about December 26, 1919, all of the defendants herein were interested financially or otherwise in certain real property and premises known as and by the street numbers 535, 537, 539 and 541 West One Hundred and Sixty-third street, in the borough of Manhattan, city of New York, which premises are particularly described in said complaint. Plain-

tiffs further allege that on or about the said 26th day of December, 1919, they entered into a certain agreement in writing with the defendant Samphimor Holding Corporation for the purchase by plaintiffs and the sale by said Samphimor Holding Corporation of the said real property, a copy of which written agreement is annexed to and made a part of said complaint. Plaintiffs further allege in their said amended complaint that pursuant to said contract the plaintiffs paid to the defendants the sum of $6,000 on December 26, 1919, and the sum of $5,000 on February 11, 1920, said latter sum being deposited in escrow with the defendant Joseph G. Abramson as attorney for the defendant Samphimor Holding Corporation. The plaintiffs further allege that at the time said agreement was made and prior thereto, the defendants and each of them represented and warranted to the plaintiffs that the annual gross rentals and income from said premises was over and above the sum of $34,000. Upon information and belief the plaintiffs allege that said representation and warranty was false and fraudulent and was known so to be by the defendants herein, and each of them, and said warranty and representation was made by the defendants and each of them for the purpose of inducing the plaintiffs to enter into the aforementioned agreement, and to make the down payments above mentioned and with the intent that the plaintiffs should rely thereon in entering into said agreement and making said payments; that the said representation and warranty was made by said defendants and each of them, expecting and intending that the plaintiffs should rely thereon and enter into the said contract and make said payments as aforesaid to the end that the defendants and each of them would derive large financial benefits from the consummation of said transaction and the purchase of said premises by the plaintiffs. Plaintiffs further allege, upon information and belief, that the aforesaid representation and warranty was false and untrue in that the total gross rental of said premises did not exceed $30,000 per annum at the time said representation and warranty was made, and that the plaintiffs were wholly ignorant of the said falsity of said representation and warranty, the truth concerning the same being peculiarly within the knowledge of the defendants and each of them; that the plaintiffs herein relied upon the said representation and warranty made by the defendants and entered into said agreement and made said payments relying thereon; that immediately upon ascertaining the falsity of said representation and warranty, the plaintiffs offered to rescind the aforesaid agreement and demanded of the defendants and each of them a return of $11,000 paid as aforesaid, together with the sum of $2,000, expenses incurred for counsel fees and fees for

the examination of the title to said premises, but the defendants refused to pay said sum or any part thereof, or to rescind said agreement; that said representation and warranty was of a material fact, in that the value of said premises was greatly lessened when the annual rental was $30,000 instead of $34,000, as represented, and that the plaintiffs would not have entered into said agreement or made said payments had they known at the time of making said agreement or said payments that said representation and warranty made by the defendants and each of them was false and untrue, and that the plaintiffs have been greatly damaged and injured by reason of said false representation and warranty and by the falsity of the same. Plaintiffs further allege, upon information and belief, that the defendant Samphimor Holding Corporation is insolvent and financially irresponsible, and that a money judgment against it would be ineffectual, for the reason that all of the moneys received by it from the plaintiffs have been distributed by said corporation among the other defendants. Upon information and belief, the plaintiffs further allege that the individual defendants Schneider, Berlin and Schapiro and Abramson were the managers and controlling factors of the corporate defendants, and personally conducted all negotiations relative to the aforesaid agreement and its execution; that they individually made the representation and warranty thereinbefore referred to in their own behalf and in behalf of the corporate defendants; that the said corporate defendants were merely dummies or cloaks for the individual defendants, and as such acted merely as conduits of title for said individuals.

Alleging that the plaintiffs have no adequate remedy at law, judgment is demanded, *first*, that the said agreement be rescinded by reason of the false and fraudulent representations made as aforesaid; *second*, that the defendants be adjudged to pay to the plaintiffs the sum of $11,000, with interest on $6,000 from December 26, 1919, and on $5,000 from February 11, 1920, together with the sum of $2,000 for expenses incurred for counsel fees and the examination of title; and *third*, that the plaintiffs have such other and further relief is in the premises will be just and proper, together with the costs and disbursements of the action.

To this complaint the defendants demurred, the defendants Samphimor Holding Corporation, Morris Schneider, Samuel Berlin and Philip Schapiro uniting in one demurrer, and the other defendants uniting in another. The said separate demurrers are substantially alike, each setting forth three grounds of demurrer: *First*, that two causes of action have been improperly united, one being for the rescission of said contract between the plain-

tiffs and the defendant Samphimor Holding Corporation and damages incidental thereto, and the other cause of action being a claim to recover the sum of $5,000 from the defendant Joseph G. Abramson for money alleged to have been deposited with him in trust or in escrow and, therefore, by virtue of another agreement; that it appears upon the face of the complaint that said causes of action so united are inconsistent and do not apply to any one of subdivisions 1 to 9 of section 484 of the Code of Civil Procedure, do not affect all of the parties to the action, and did not arise out of the same transaction or transactions connected with the same causes of action.

*Second,* that causes of action have been improperly united in the complaint, in that an equitable action for rescission of the contract given by the defendants herein has been joined with a cause of action to recover of the defendant Abramson the said sum of $5,000.

*Third,* that the complaint does not state facts sufficient to constitute a cause of action.

The issue of law herein raised by said demurrers came on to be heard upon plaintiffs' notice of motion for an order overruling said demurrers and for judgment in plaintiffs' favor thereon. The learned court at Special Term sustained said demurrers upon the ground that the action was for a rescission of contract for the purchase by plaintiffs from the defendant Samphimor Holding Corporation of said real estate, and could not be maintained against any defendant other than the defendant Samphimor Holding Corporation, and that the facts alleged in the complaint were not sufficient to warrant the plaintiffs in joining the other defendants as parties.

We are of the opinion that the court erred in thus sustaining defendants' demurrers to said complaint. It seems to us that but one cause of action is set forth and alleged in said amended complaint, namely, for a rescission of the contract therein alleged by reason of the false and fraudulent representations made by the defendants and each of them whereby the plaintiffs were induced to enter into said contract, and, incidentally, for the recovery back from all of the defendants of the moneys paid down thereon. The allegations of the complaint plainly set forth that the corporate defendants are dummies organized and created as conduits to effectuate the fraudulent scheme of the individual defendants whereby said individual defendants sought to enrich themselves at the expense of the plaintiffs. Fairly interpreted, the complaint alleges that both the $6,000 and the $5,000 payments were made to the defendant Samphimor Holding Corporation, although

the latter payment is alleged to have been held by the defendant Abramson as the attorney for said holding corporation. No separate judgment is sought herein against the defendant Abramson, but he and all of the defendants are sought to be held liable for said down payments by reason of their several participation in the alleged fraud and in the fruits thereof. The allegation of the complaint is that all of the defendants were financially interested in the premises in question and would financially profit if the deal went through, and that all of them falsely represented to the plaintiffs that the annual income and rentals from said real property amounted to $34,000. Moreover, it is alleged in the complaint that the $11,000 which was paid by the plaintiffs upon said contract was distributed by the Samphimor Holding Corporation among all of the other defendants herein. It seems very clear to us that but a single cause of action is alleged and set forth in said complaint, namely, for equitable relief to obtain a rescission of the contract by reason of the false representations made by the defendants to the plaintiffs whereby the plaintiffs were induced to enter into the same, and, as incidental relief, that the plaintiffs recover of the defendants who have received as the avails of the fraud the moneys which the plaintiffs have paid thereon. The fair construction of the complaint is that all of the defendants conspired together for the purpose of defrauding the plaintiffs to their injury. We, therefore, think there is no misjoinder of causes of action herein.

The necessary elements in an action for fraud and deceit upon which to base the judgment prayed for appear in said amended complaint, namely, the representations made by the defendants, their falsity and the defendants' knowledge thereof, plaintiffs' reliance thereon and deception thereby, and the injury suffered by reason thereof.

The defendants' main attack upon the complaint is that the contract for the sale of said real property being under seal, only the Samphimor Holding Corporation, which executed the same, can be held. The answer to this is that the law did not require that said contract be under seal, and that, therefore, all of the parties acting through the instrumentality of their dummy corporation are to be held liable in an action to rescind said contract. The only requirement that refers to a contract for the sale of real property is that it shall be in writing, expressing the consideration and subscribed by the party to be bound thereby or by his duly authorized agent. (*Worrall* v. *Munn,* 5 N. Y. 229; *Wood* v. *Auburn & Rochester R. R. Co.,* 8 id. 160, 167; *Ford* v. *Williams,* 13 id. 577, 585; Real Prop. Law, § 259.)

Upon the trial of the action, under the allegations of the complaint, the plaintiffs may show that the contract in fact was entered into by the Samphimor Holding Corporation as agent for the other defendants.    An undisclosed principal may enforce a contract under seal the same as though it were not sealed.  (*Briggs* v. *Partridge*, 64 N. Y. 357, 362; *City Trust, S. D. & S. Co.* v. *American Brewing Co.*, 182 id. 285, 293.)  The allegations of the complaint plainly charging all of the defendants with participation in the fraud, though in fact under the seal of the corporate defendant Samphimor Holding Corporation, alleged in the complaint to be no more than the dummy of the defendants, should not be an insurmountable obstacle in obtaining a rescission of said contract.  The present action is in equity to obtain a rescission of the contract fraudulently obtained by the defendants from the plaintiffs, and a court of equity will assume and retain jurisdiction to completely adjudicate the controversy between all of the parties to the action.  (*Mack* v. *Latta*, 178 N. Y. 525.)

The recent case of *Kaston* v. *Zimmerman* (192 App. Div. 511) is directly in point.  In that case Mr. Justice LAUGHLIN, writing for this court, said (at p. 513):  " I deem it now well settled in this jurisdiction that if the purchaser has just ground for rescinding such a contract, he may either elect to rescind and bring an action to recover the money paid, or he may sue in equity *for a rescission*, and upon rescission, as incidental relief, recover at least the down payment, although he would not have a lien therefor."

In his opinion in *Davis* v. *Rosenzweig Realty Co.* (192 N. Y. 128) Judge VANN, writing for the Court of Appeals, quoted with approval from 24 American and English Encyclopedia of Law (2d ed.), 615, as follows:  " Where the complainant in equity seeks to have a contract totally rescinded and declared void for fraud, the fact that he seeks also a recovery of money is not sufficient ground for the refusal of the court to entertain jurisdiction; for in an action at law the recovery of money is the principal object, while in the suit in equity the rescission of the contract is the principal matter of relief and the recovery of money is merely an incidental although a necessary consequence; hence the court being properly in possession of the cause for the purpose of granting purely equitable relief, will proceed to do complete justice between the parties, although a part of the relief granted is purely legal in its nature.  This principle is in full accordance with the broader principle of equity, that in all cases of fraud, if the party defrauded is entitled to any equitable relief as to the contract in which he has been defrauded, and if it is necessary for him to establish the fraud in order to obtain this relief, the court will grant him

full and entire relief, notwithstanding that as to part thereof he has a perfect remedy in an action for damages at law."

Upon the foregoing authority there can be no question of the right of the plaintiffs to maintain this action in equity against all of the defendants to obtain a rescission of said contract and incidentally to recover of defendants the moneys paid down thereon, which moneys have been distributed by the defendant Samphimor Holding Corporation among all of the other defendants. The plain allegations of the complaint are to the effect that all of the defendants participated in the fraud and were financially interested in the consummation and sale of said premises and that all would have benefited thereby, and that all shared in the moneys paid by plaintiffs thereon.

In *Mayer* v. *Phœnix Assurance Co., Ltd.* (124 App. Div. 241) the court said: " In equity it is proper to join as defendants in one action different persons guilty of independent acts which combine to produce an injury to the plaintiff. * * * Much more is it proper to join defendants whose joint act produces the injury." The citation of authorities should not be required in support of such equitable doctrine.

The appellants concede that they cannot recover in this action the expense incurred by them for the examination of the title to the premises contracted to be sold and for counsel fees, thereby eliminating the item of $2,000 alleged to have been incurred by plaintiffs therefor.

We are of the opinion, therefore, that the court improperly sustained defendants' demurrers to the complaint, and that the order appealed from should be reversed, with ten dollars costs and disbursements, and said demurrers overruled, with ten dollars costs, with leave to the defendants to withdraw the same and answer upon payment of said costs.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted and demurrers overruled, with ten dollars costs, with leave to defendants to withdraw demurrers and to answer within twenty days upon payment of said costs.