WILLIAM DIVEN, Plaintiff, *v.* CORA S. ASHBAUGH and Others, Defendants.

Supreme Court, Steuben County, July, 1923.

**Pleading — vendor and purchaser — real estate — necessary allegations in action for rescission of contract.**

A rescission of a contract destroys the contract *ab initio* and all rights derived thereunder fall with it.

The commencement of an action to enforce a lien is not a rescission of the contract.

Where the complaint in an action by a vendee to rescind a contract for the sale of a farm on the ground of fraud and to establish a lien thereon for payments made fails to allege that the plaintiff has restored or offered to restore what he has received under the contract or facts excusing such allegations, the complaint will be dismissed on the ground that it does not state a cause of action.

MOTION for judgment on the complaint under rule 106.

*Harry K. Brown* and *John Griffin*, for plaintiff.

*James T. Foody*, for defendants.

THOMPSON, J.   Plaintiff, vendee, sues defendant Ashbaugh, vendor, to rescind a contract for the sale of a farm and certain personal property, upon the ground of fraud.   Defendant Foody is the owner of certain mortgages on both land and chattels, executed, recorded and filed before the execution of the contract and plaintiff's taking possession thereunder, and of certain judg-

ments against defendant Ashbaugh, afterwards perfected and docketed. Defendant Prozeller is a subsequent grantee of the legal title to the lands in question. No answer has been served and this is a motion for judgment on the complaint.

Facts being alleged showing that the vendor is now unable to perform his part of the contract, taken with the provisions of the contract itself by which it appears that the time of performance has not arrived, excuse the failure of the complaint to allege a tender of performance by plaintiff, the law not requiring a vain act. 39 Cyc. 1422; *Ziehen v. Smith,* 148 N. Y. 558; *Roberts v. New York Life Ins. Co.,* 195 App. Div. 97, 101; 2 Williston Cont. 1463.

But in that it fails to contain an allegation that plaintiff has restored what he has received under the contract, or an offer to restore, or facts excusing such an allegation, the complaint does not state a cause of action for rescission. 13 C. J. 611, 621; 39 Cyc. 1424–1426; *Gould v. Cayuga Co. Nat. Bank,* 86 N. Y. 75; *Schank v. Schuchman,* 212 id. 352.

Ostensibly the complaint is for rescission of a contract on the ground of fraud, and although there may be doubt as to whether some of the allegations are pertinent, such question is not now here. So, were it not for the omission noted, the complaint would be sustained as against the defendant Cora S. Ashbaugh. But the relief demanded by way of the establishment of a lien upon the real property contracted to be sold, for the payment which plaintiff has made thereon, and that the judgments mentioned in the complaint be declared inferior and subject thereto, and for the value of the hay and crops raised upon said farm in the year 1922, which were to pass to plaintiff under the contract, cannot be recovered in such an action. Thus the complaint does not state a cause of action against any of the defendants. For rescission of the contract destroys the contract *ab initio* and leaves the parties in the same situation as if no contract had ever been made and all rights derived from the contract by either party fall with it, and no lien can be had under such circumstances. *Davis v. Rosenzweig Realty Company,* 192 N. Y. 128, 132; *Flickinger v. Glass,* 222 id. 404, 408; 27 R. C. L. 628; *Ressler v. Samphimor Holding Corporation,* 201 App. Div. 344, 350; *Goodman v. Schwab,* 136 id. 583; *Whalen v. Stuart,* 194 N. Y. 495, 503.

Although until quite recently it was thought doubtful whether there was such a thing as a vendee's lien in this jurisdiction, it is now the well-established rule. *Zeiser v. Cohn,* 207 N. Y. 407, 414.

And the right to maintain an action in equity to adjudge and

enforce such a lien is now authorized in this state. *Feldblum* v. *Lawrelton Land Company*, 151 App. Div. 24.

But the lien does not attach by way of rescission or repudiation, but rather it proceeds from the contract and the payment thereunder.

The termination of a contract as to the future by one party owing to the default of the other is a rescission neither *ab initio* nor in any true sense. And the commencement of an action to enforce the lien is not a rescission of the contract but an affirmance thereof to secure a right given thereby and by payment pursuant to its terms. *Elterman* v. *Hyman*, 192 N. Y. 113, 126.

A fraudulent contract may be enforced by the deceived party or he may terminate it by a mere act of disaffirmance. If he shall choose to enforce it he has every remedy compatible with its terms. If he disaffirms it, he perforce cannot invoke its provisions, for he has elected that there is no contract, and was none from the beginning. *Matter of Moncrief*, 235 N. Y. 390, 393.

The motion is, therefore, granted, with ten dollars costs before notice of trial, and ten dollars motion costs to defendant, to abide the event, with leave to plaintiff to serve an amended complaint within ten days from the entry and service of the order with notice of entry. *Taishoff* v. *Elkema*, 171 App. Div. 288, 295.

Ordered accordingly.