(32 Misc. Rep. 424.)

FLANAGAN v. FIDELITY & DEPOSIT CO. OF MARYLAND.

(Supreme Court, Special Term, Oneida County. August, 1900.)

ADMINISTRATOR DE BONIS NON—ACTION—PARTIES.

 Under Code Civ. Proc. § 2608, providing that the successor of an administrator whose letters have been revoked may maintain an action on his predecessor's bond for money or other property received by such predecessor, the property recovered to be regarded as a part of the estate and distributed accordingly, and under section 449, permitting an administrator to maintain an action without joining with him the beneficiary, an administrator can sue on his predecessor's bond for money in his hands, though the surrogate had decreed its distribution by the predecessor, in certain amounts, to certain distributees.

Action by James H. Flanagan, administrator, against the Fidelity & Deposit Company of Maryland. Judgment overruling a demurrer to the complaint.

J. Frank Rogers, for plaintiff.
Risley & Love, for defendant.

HISCOCK, J. The defendant executed a bond in the form prescribed by law, as surety with and for Albert H. Chaffee and Mary S. Hall, as administrator and administratrix, respectively, of the estate of Isaac R. Scott. In December, 1899, after various proceedings, a decree was duly made by the surrogate of Oneida county, which, in effect, adjudged that said administrator and administratrix had in their hands of the estate of said Scott, deceased, a balance of $5,352, and that said administrator and administratrix, after the reservation of small sums for their commissions, counsel fees, etc., should dispose of the balance of $4,116.75 by paying to one Sarah A. Scott the sum of $1,381.61, to one Mary S. Hall the sum of $927.95, and to one Sullivan, as assignee of Edward S. Scott, $1,409.85, being the distributive shares of said persons, respectively, in the estate of said Scott. Said administrator and administratrix failed to comply with said decree, and never paid said sums or any part thereof, and thereafter, and on or about January 17, 1900, the letters of administration granted to them were duly revoked, and the plaintiff was duly appointed administrator of said Scott in their places, and he duly qualified and entered upon, and ever since has continued in, the discharge of his duty as such. This action is based upon the failure of said administrator and administratrix to comply with the decree of the surrogate above mentioned by paying over the sums above specified; and it is sought to sustain this demurrer upon the sole ground that the action upon the bond should have been brought by and in the names of the persons to whom said sums were directed to be paid as aforesaid, rather than by the administrator of the estate who has succeeded the defaulting representatives. I do not think the demurrer should be sustained upon the ground in question. Undoubtedly, under the provisions of section 2607, Code Civ. Proc., an action, under the proper conditions, could be maintained by the persons to whom said sums were respectively directed to be paid as aforesaid. But, upon the other hand, section 2608 seems to provide clearly enough for the maintenance of an action upon the bond in question by the plaintiff in question, as successor to the administrators whose letters have been revoked. In the first place, we are to have in mind that under the general provisions of law, as well as under the specific provisions of section 2605 of the Code, the plaintiff, as successor, is charged with completing the execution of the trust committed to his predecessors. A decree has been made against his predecessors settling the amount of money on hand to be distributed, and it will be the duty of this plaintiff to comply with that decree and carry out its provisions. We then come to the provisions of section 2608, which provides that:

"Where letters have been revoked by a decree of the surrogate's court, the successor of the executor, administrator, or guardian, whose letters are so revoked, may maintain an action upon his predecessor's official bond, in which he may recover any money, or the full value of any other property, received by the principal in the bond, and not duly administered by him. * * * The money recovered in such an action, is regarded as part of the estate in the hands of the plaintiff, and must be distributed or otherwise disposed of accordingly."

66 N.Y.S.—35

The plaintiff's predecessors, under the decree of the surrogate already referred to, have on hand a certain sum of money, which has not been administered, and therefore the case comes explicity within the wording of this section of the Code. If the balance in question was on hand, and no decree had been made directing how it should be paid over and distributed, I assume that the contention now being made here would not be urged. It does not seem to me that the case comes any less within the provisions of the section quoted, because a decree has been made providing just how the fund shall be administered. The fact remains the same that there is a sum on hand which has not been administered, and that this plaintiff, under the provisions of the law, is entitled to bring an action upon the bond to recover it; and when he has done that he will be obliged to carry on the administration in which his predecessors defaulted. In connection with the sections already referred to, it is to be borne in mind that section 449 of the Code expressly authorizes plaintiff to maintain this action for the benefit of the real parties in interest, without joining them.

The ordinary findings and interlocutory judgment may be entered, overruling defendant's demurrer, with $30 costs and disbursements, and giving the usual leave to defendant to serve an amended pleading. Ordered accordingly.