UNITED STATES v. UNION TIMBER PRODUCTS CO.

(District Court, W. D. Washington, N. D. June 26, 1919.)

No. 4653.

CONSPIRACY ⬤⟶33—"CONSPIRACY TO DEFRAUD UNITED STATES"—WHAT CONSTITUTES.

The Shipping Board Emergency Fleet Corporation, incorporated in the District of Columbia, being the agency designated by the President for carrying out powers conferred on him for the construction of ships, and being financed with the funds of the United States, a conspiracy to defraud the corporation is a conspiracy to defraud the United States, and punishable as such; the penal sections applying to such conspiracies to defraud the United States being apposite.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conspiracy.]

The Union Timber Products Company was indicted for conspiracy to defraud the United States by inducing the United States Shipping Board Emergency Fleet Corporation to execute and enter into a contract and agreement for the construction of vessels and to advance money thereon. On demurrer to the indictment. Demurrer overruled.

Robt. C. Saunders, U. S. Dist. Atty., of Seattle, Wash.
Roberts & Skeel, of Seattle, Wash., for defendant.

NETERER, District Judge. The indictment charges the defendants with a continuing conspiracy from the 16th day of April, 1917, to date of filing the indictment, May 16, 1919, to defraud the United States, and the doing of certain overt acts in furtherance of the conspiracy from time to time, to and including the 15th day of November, 1917.

The charge is that the purpose of the defendants was to fraudulently induce the United States Shipping Board Emergency Fleet Corporation, of which the United States was the sole owner, to execute and enter into a certain contract and agreement with the said Union Timber Products Company for the construction of certain vessels, and to have advanced to the said defendants a large sum of money. Motion to quash is filed upon the ground, among others, that no offense is stated; it being contended that the corporation referred to is a business corporation organized under the laws of the District of Columbia, and is not a corporation created by the sovereign power for the express purpose of governmental functions, and hence the penal section invoked has no application.

The Shipping Board Emergency Fleet Corporation is constituted by law an agency of the United States for the purpose of construction of vessels and entering into contracts for the use of vessels. Pursuant to law, the corporation was created to carry out the purposes of the act, and in furtherance of the plan and scheme, upon authority conferred, the corporation had the power and authority to enter into contracts for the construction of vessels and making expenditures of the funds appropriated by the Congress.

The Supreme Court in the matter of the petition of the United States of America, owner of the American steamship Lake Monroe for writ of prohibition, June 12, 1919, 250 U. S. 246, 39 Sup. Ct. 460, 63 L. Ed. ——, said:

"But, at the time of the emergency provision of June 15, 1917 (section 3115¹/₁₆d, Comp. St. 1918), the Shipping Board had been established as a public commission with broad administrative powers and subject to definite restrictions, and the Fleet Corporation had been created as its agency, financed with public funds."

The Shipping Board Emergency Fleet Corporation being the agency designated by the President for carrying out the powers conferred upon him in the construction of ships, and a conspiracy to defraud such corporation, financed with the funds of the United States, would be a fraud upon the United States.

I think the conclusion is inevitable, from an examination of the Act, and believe it is supported by The Lake Monroe, supra, and also United States of America v. James J. Carlin et al., Eastern Dist. of Pa., filed December, 1917 (D. C.) 259 Fed. 904.

Demurrer overruled.