## UNITED STATES *v.* WALTER.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF FLORIDA.

No. 20.  Argued October 3, 1923.—Decided October 22, 1923.

1. The Act of October 23, 1918, so amending § 35 of the Criminal Code as to make it a crime to make or present, for payment, a fraudulent claim against " any corporation in which the United States of America is a stockholder," should be construed to refer only to corporations, like the Fleet Corporation, that are instrumentalities of the Government and in which, for that reason, it owns stock.  P. 17.

2. The act, so construed, is constitutional.  *Id.*

3. A conspiracy to " defraud the United States in any manner," as denounced by § 37 of the Criminal Code, includes a conspiracy to defraud the Fleet Corporation, which, if successful, would result directly in pecuniary loss to the United States (holding all the stock) and impair the efficiency of the corporation as a governmental instrumentality.  P. 18.

291 Fed. 662, reversed.

Error to a judgment of the District Court sustaining a demurrer to an indictment.

Mr. *Solicitor General Beck* for the United States.

Mr. *Jno. W. Dodge,* for defendant in error, submitted.

The courts cannot limit the meaning of the words used so as to carve out a crime, by construing the statute to mean that it applies only under certain conditions of fact which are not expressed, and thus render it constitutional. *United States* v. *Wiltberger,* 5 Wheat. 76; *Hackfield & Co.* v. *United States,* 197 U. S. 442; *Burton* v. *United States,* 202 U. S. 377; *United States* v. *Hartwell,* 6 Wall. 385; *Cherokee Tobacco Co.* v. *United States,* 11 Wall. 616; *Texas* v. *Chiles,* 21 Wall. 488; *Trade-Mark Cases,* 100 U. S. 82; *Poindexter* v. *Greenhow,* 114 U. S. 270; *Baldwin* v. *Franks,* 120 U. S. 678; *United States* v. *Fox,* 95 U. S. 670; *McCulloch* v. *Maryland,* 4 Wheat. 421; *United States* v. *Reese,* 92 U. S. 214; *United States* v. *Harris,* 106 U. S. 629.

Mr. Justice Holmes delivered the opinion of the Court.

This is an indictment in three counts. The first charges a conspiracy to commit an offense against the United States by making and presenting for payment a fraudulent claim against the United States Emergency Fleet Corporation, a corporation formed under the laws of the District of Columbia, of which the United States owned all the stock. The second count charges a like conspiracy to obtain the payment of fraudulent claims against the same corporation. The third count charges a conspiracy to defraud the United States. All the counts are based upon the same facts, and the first two are brought under the Act of October 23, 1918, c. 194; 40 Stat. 1015; amending § 35 of the Criminal Code and,

taken with § 37, making it a crime to conspire to present for, or to obtain, payment of a fraudulent claim against "any corporation in which the United States of America is a stockholder." The third count is based upon § 37 of the Criminal Code, Act of March 4, 1909, c. 321; 35 Stat. 1088, punishing conspiracy "to defraud the United States in any manner or for any purpose." A demurrer to all the counts was sustained by the District Court on the grounds that the Act of 1918 must be taken literally, as embracing any corporation in which the United States owned a single share of stock, and so construed went beyond the power of Congress, and that under *United States* v. *Strang*, 254 U. S. 491, the fraud alleged was not a fraud upon the United States.

Taking up first the Act of 1918, it was enacted after Congress contemplating the possibility of the war that ensued had authorized the formation of the Fleet Corporation under laws deriving their authority from earlier statutes of the United States. We are not informed whether at that time the United States owned stock in corporations other than the instrumentalities created with reference to the needs of that war, but we cannot doubt that the act was passed with a special view to them. *United States* v. *Bowman*, 260 U. S. 94, 101, 102. The United States can protect its property by criminal laws, and its constitutional power would not be affected if it saw fit to create a corporation of its own for purposes of the Government, under laws emanating directly or indirectly from itself, and turned the property over to its creature. The creator would not be subordinated to its own machinery. That is the case before us. If the law in terms dealt only with the Emergency Fleet Corporation it would be beyond question. See *United States Grain Corporation* v. *Phillips*, 261 U. S. 106, 113. It is said however that the words "any corporation in which

74308°—24——2

the United States of America is a stockholder" are too clear to be cut down. *Butts* v. *Merchants Transportation Co.,* 230 U. S. 126, 136, 137. But against the cases that decline to limit the generality of words in order to save the constitutionality of an act are many others. that imply a limit, and, when the circumstances permit, the latter course will be adopted. Language as absolute as that before us was limited in *The Abby Dodge,* 223 U. S. 166, 172: "Any sponges taken . . . from the waters of the Gulf of Mexico or Straits of Florida." See *Texas* v. *Eastern Texas R. R. Co.,* 258 U. S. 204, 217. We are of opinion that the Act of 1918 should be construed to refer only to corporations like the Fleet Corporation that are instrumentalities of the government and in which for that reason it owns stock. In *United States* v. *Bowman,* 260 U. S. 94, the present objection was not raised by counsel or by the Court.

As to the third count, while it is true that the corporation is not the United States, *United States* v. *Strang,* 254 U. S. 491, the contemplated fraud upon the corporation if successful would have resulted directly in a pecuniary loss to the United States, and even more immediately would have impaired the efficiency of its very important instrument. We are of opinion that it was within the words of § 37, "defraud the United States in any manner," and that on this as on the other point the decision below was wrong. *Haas* v. *Henkel,* 216 U. S. 479, 480. *United States* v. *Barnow,* 239 U. S. 74, 79.

*Judgment reversed.*