UNITED STATES v. NEW AMSTERDAM
CASUALTY CO. et al.

District Court, S. D. New York.
May 5, 1931.

George Z. Medalie, U. S. Atty., of New York City (Harry G. Herman, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Nadal, Jones & Mowton, of New York City (Edwin A. Jones and Philip E. Barnard, both of New York City, and Bynum E. Hinton, of Washington, D. C., of counsel), for defendant Fidelity & Casualty Co. of New York.

Philip E. Barnard, of New York City (Edwin A. Jones and Philip E. Barnard, both of New York City, and Bynum E. Hinton, of Washington, D. C., of counsel), for defendant New Amsterdam Casualty Co.

KNOX, District Judge.

Can the United States of America sue as plaintiff upon a bond under seal in which the obligee is denominated as the "United States Shipping Board Emergency Fleet Corporation, a corporation organized and existing under the laws of the District of Columbia, representing the United States of America (hereinafter called the obligee)"? The defendant asserts that only the "Fleet Corporation" is the proper party plaintiff, and that therefore the complaint should be dismissed.

It is too well established to require discussion that a *disclosed* principal can sue on an ordinary contract made by its agent in

the name of the principal. See 2 Mechem on Agency (2d Ed.) p. 1623. The present suit, however, is brought upon a *sealed* instrument —a surety bond. And it is well settled, at common law, that no person can sue upon an instrument under seal unless he is named as a party to such instrument, and has also signed and sealed it. Briggs v. Partridge, 64 N. Y. 357, 21 Am. Rep. 617; Henricus v. Englert, 137 N. Y. 488, 33 N. E. 550; Buffalo Catholic Institute v. Bitter, 87 N. Y. 250; Case v. Case, 203 N. Y. 263, 96 N. E. 440, Ann. Cas. 1913B, 311.

In Case v. Case, supra, the court said at page 265 of 203 N. Y., 96 N. E. 440: "Nothing is more definitely settled in our law than that an instrument under seal cannot be enforced by or against one who is not a party to it. * * * A different rule exists as to simple contracts which * * * may be brought by or against the real principal although he is not named in the instrument."

But, it is argued, the foregoing cases are not applicable to the case at bar because by virtue of the words "representing the United States of America" the United States was made a principal party to the bond and can, therefore, sue upon it. It is hard to find such potency in this phrase. As stated in 1 Mechem on Agency (2d Ed.) at page 793: "It is not enough merely that the agent was in fact authorized to make the deed, if he has not acted in the name of the principal. Nor is it ordinarily sufficient that he described himself in the deed as acting by virtue of a power of attorney or otherwise, or for or in behalf, or as attorney, of the principal, or as a committee, or as trustee of a corporation, etc., for these expressions are usually descriptio personæ, and if, in fact, he has acted in his own name and set his own hand and seal, the causes of action thereon accrue to and against him personally and not to or against the principal, despite these recitals."

The bond in question was not signed or sealed by the obligee. It was signed and sealed only by the American Shipbuilding Company, the New Amsterdam Casualty Company, and the Fidelity Casualty Company, the obligors. The bond, however, was given for the faithful performance of a shipbuilding contract. Both the contract and the bond are made a part of the complaint and annexed thereto. The shipbuilding contract was under *seal*. And the parties who executed this contract were the "American Shipbuilding Company" by its "Vice President and General Manager," and the "United States Shipping Board Emergency Fleet Corporation," by its "Vice President." The seal is the seal of the "Fleet Corporation," not of the United States of America, and the signature says nothing about "representing the United States of America."

The plaintiff, nevertheless, cites the following cases as authority for the position that the United States is a proper party plaintiff to this action: United States v. Czarnikow-Rionda Co., 40 F.(2d) 214 (C. C. A. 2d); Emergency Fleet Corporation v. Western Union Telegraph Co., 275 U. S. 415, 48 S. Ct. 198, 72 L. Ed. 345; United States v. Skinner & Eddy Corporation, 35 F.(2d) 889 (C. C. A. 9th); Erickson v. United States, 264 U. S. 246, 44 S. Ct. 310, 68 L. Ed. 661; United States v. Walter, 263 U. S. 15, 44 S. Ct. 10, 68 L. Ed. 137; United States v. Holmes (C. C.) 105 F. 41, reversed on other grounds (C. C. A.) 118 F. 995; Beveridge v. N. Y. El. R. Co., 112 N. Y. 1, 26, 19 N. E. 489, 2 L. R. A. 648; Morrison v. Schmeman, 166 App. Div. 264, 151 N. Y. S. 607; Flanagan v. Fidelity & Deposit Co., 32 Misc. Rep. 424, 66 N. Y. S. 544, 546.

In United States v. Czarnikow-Rionda Co., supra, the United States sued to recover for demurrage claimed as a result of delay in loading a steamship. The suit was not on a contract under seal. Speaking of the position of the United States the court said, at page 215 of 40 F.(2d): "It owned the ship and carried the cargo, as the preamble of the charter party, as well as the signatories, would indicate; both the United States Shipping Board Emergency Fleet Corporation and the Strachan Shipping Company are named as agents, not agent. The documentation of the vessel was in the name of the United States."

This case undoubtedly is authority for the rule that the United States can sue as a disclosed principal on *simple* contracts entered into on its behalf by the "Fleet Corporation" as agent. But it is no authority for the proposition that the United States can similarly maintain a suit on an instrument under *seal*, which it has neither signed nor sealed.

In Emergency Fleet Corporation v. Western Union Telegraph Co., supra, the Supreme Court simply held that the Fleet Corporation is a department of the government within the meaning of the Port Roads Act and therefore entitled to the reduced government rates. The action itself was brought against the Fleet Corporation, and the court pointed out that the Fleet Corporation was in form of a private corporation and could sue and be sued on its own behalf. The case

is certainly no authority for allowing the United States to sue in the case at bar.

In United States v. Skinner & Eddy Corporation, supra, it was held that the United States could sue for moneys received by a shipbuilding company under a cancelled contract with the Fleet Corporation, under Act of June 15, 1917 (40 Stat. 182); Merchant Marine Act 1920, §§ 2, 4 (46 USCA §§ 862, 863). Here, again, the contract in question was not under seal.

In Erickson v. United States, supra, it was held that where the United States joined with the United States Spruce Production Corporation, a federal war-time instrumentality, in an action on contracts made by the latter with the defendant, the case had the jurisdictional status of an action by the United States, and that therefore an objection to the jurisdiction on the ground that the corporation and one of the defendants were citizens of the same state, was properly overruled.

In United States v. Walter, it was held that a conspiracy to defraud the Fleet Corporation was a conspiracy to "defraud the United States in any manner" within section 37 of the Criminal Code (18 USCA § 88), since, if successful, the conspiracy would result directly in pecuniary loss to the United States, the sole stockholder. This is simply a case of disregarding the corporate fiction to prevent the perpetration of a fraud. There is no similar reason for disregarding the existence of the separate corporate entity of the Fleet Corporation in the case at bar.

United States v. Holmes, supra, is cited for the general proposition that the United States has the same remedies for the protection of its contract and property rights as other persons. The facts of the case have no relation at all to the case at bar.

Beveridge v. N. Y. Elevated R. Co. is cited merely for a statement in the course of the opinion that in order for a third party to sue on a contract, it must appear that the parties to the contract intended it for his benefit. Morrison v. Schmeman, supra, held that the assignee of a mortgage was entitled to sue under section 449 of the Code of Civil Procedure as the "real party in interest." It is difficult to see how these cases support the plaintiff's contention, since they do not involve instruments under seal.

Flanagan v. Fidelity & Deposit Company, the last case cited by the plaintiff, is more nearly in point. In that case it was held that a complaint by the successor of defaulting administrators, who failed to pay distributive shares against their surety on the surety bond, was not demurrable upon the ground that the distributors were the proper parties to sue. The court based its decision primarily upon section 2608 of the Code of Civil Procedure which expressly gave the successor administrator the right to sue where the letters of the preceding administrator had been revoked. The court also stated: "In connection with the sections already referred to, it is to be borne in mind that section 449 of the Code expressly authorizes plaintiff to maintain this action for the benefit of the real parties in interest, without joining them." The express statutory provision as to administrators is clearly the controlling reason for the decision in that case.

None of the foregoing authorities give any grounds for departing from the general rule that a person not a party to a sealed instrument cannot sue upon it. It follows that the United States is not a proper party plaintiff. This conclusion is borne out by the following cases:

In Bowers, Collector v. American Surety Co. (C. C. A.) 30 F.(2d) 244, it was held that in the absence of some enabling statute the obligee named in a bond must sue upon it.

In United States Shipping Board Merchant Fleet Corporation v. Harwood, 281 U. S. 519, 50 S. Ct. 372, 74 L. Ed. 1011, the Fleet Corporation entered into a contract in which it was described as "representing and acting * * * for and in behalf of the United States of America (hereinafter referred to as the owner)." In an action brought against the Fleet Corporation to cancel the contract, and for an accounting, the Fleet Corporation set up as a defense that the action should have been brought against the United States. The court held, however, that the Fleet Corporation was a proper party-defendant and that its quasi-public character did not except it from the rule that an agent may be bound, notwithstanding his known agency, by contracts that he executed in his own name. The court said at page 526 of 281 U. S., 50 S. Ct. 372, 373:

"There is thus no basis for presuming that the Fleet Corporation is not to be deemed bound by the contracts into which it enters merely because it is acting as such an agency, and its liability as measured by their term is not to be curtailed by the presumption which, it is urged, may be indulged in favor of an individual acting for the government.

"That is the effect of the decision in Astoria Marine Works v. United States Shipping Board Emergency Fleet Corporation, 258 U. S. 549, 569, 42 S. Ct. 386, 66 L. Ed. 762. It was there held that suit might be maintained against the Fleet Corporation in a District Court upon a contract in form and in manner of execution like those presently involved and where as here the Fleet Corporation was described in the contract as 'representing the United States of America.'"

In the above-cited cases the court said, at page 568 of 258 U. S., 42 S. Ct. 386, 389: "We attach no importance to the fact that the second contract, alleged to have been illegally extorted, was made with the Fleet Corporation 'representing the United States of America.' The Fleet Corporation was the contractor, even if the added words had any secondary effect." And at page 570 of 258 U. S., 42 S. Ct. 386, 389, the court said: "The fact that the corporation was formed under the general laws of the District of Columbia is persuasive, even standing alone, that it was expected to contract and to stand suit in its own person, whatever indemnities might be furnished by the United States."

In Providence Engineering Corporation v. Downey Shipbuilding Corporation, 294 F. 641, 656 (C. C. A. 2d), certiorari denied 264 U. S. 586, 44 S. Ct. 334, 68 L. Ed. 862, it was also held that the Fleet Corporation "is a private business corporation, constituting a distinct entity, and that it is not entitled to the immunities of the sovereign, but is liable to suit as any other private corporation upon its contracts even though it contracted as representing the United States."

It does not appear that the contracts involved in the last three cases were under seal. A fortiori the "Fleet Corporation" is the proper party where the contract is under seal, as in the case at bar.

The complaint, therefore, should be dismissed.