## Ex parte GRAHAM et al.

### No. 541.

District Court, E. D. Texas, Tyler Division.

March 28, 1944.

Howard Dailey, Doss Hardin, and Clarence Carpenter, all of Dallas, Tex., for petitioners.

Steve M. King, U. S. Atty., and Fred L. Hull, Asst. U. S. Atty., both of Beaumont, Tex., for the United States.

WILLIAMS, Circuit Judge.

At the January, 1944, term of the United States District Court for the Northern District of Texas, indictments were duly returned charging petitioners, George A. Graham, Jr., and Jack Victor Muldrow, with conspiring with others to defraud the United States of America.

In these proceedings as to each petitioner, the question is as to whether the indictment alleged an offense against the laws of the United States, within the jurisdiction of the United States District Court for the Northern District of Texas.

The charge against George A. Graham, Jr., et al. is that theretofore, to-wit: beginning on or about April 1, 1943, and continuing up to and including the 9th day of June, 1943, the defendants Orville Raymond, Jr., Capitola McDonald, Alice Fay Tacker, Alvin F. Pruitt, George A. Graham, Jr., and David A. Blake, in the County of Dallas, State of Texas, and within the jurisdiction of said court, for the Northern District of Texas, did unlawfully, wilfully, knowingly and feloniously conspire, combine, confederate and agree, together and with each other to defraud the United States of America in the following manner, to-wit: That the defendants, Capitola McDonald, Alice Fay Tacker, Alvin F. Pruitt and David A. Blake would, during working hours and at certain times and for certain periods of time, absent themselves from said plant and from their work at said plant, and the defendant Raymond then would sign and okeh the time card of any of said defendants so absenting himself or herself from work to the effect that he or she was present and on duty in pursuance of his or her employment at such plant during the time of such absence, and the defendant Graham would punch and clock the card of any of said defendants so absenting himself or herself from work in order that his or her card would show him or her to be present and on duty in pursuance of his or her employment at such plant during such absence, and that the time card of any defendant absenting himself or herself from work in said plant in pursuance of said

conspiracy would be punched and checked by some one of said defendants remaining on duty in said plant during such absence, according to the necessity and convenience of the occasion, so that said card would show such absent defendant to be present and on duty during such absence, all of said defendants well knowing the United States of America was paying and would be required to pay the operating expenses of said plant and that the compensation and salary of the defendants, Capitola McDonald, Alice Fay Tacker, Alvin W. Pruitt and David A. Blake, for work to be done and performed there by them, was being paid and would be paid by the United States of America, that their cards as punched and clocked or as signed and okehed by the defendant Raymond would constitute the basis, information and data from which North American Aviation, Inc., would calculate and determine the amount of money to be paid for their work and services for any given period of time and that the payroll of said corporation for labor and services performed in said plant would be made up from the cards of the employees and submitted to the United States of America and that the payroll as made up and submitted would be paid by the United States of America to said corporation. Defendants therefore knew that the United States of America were to pay the defendants, Capitola McDonald, Alice Fay Tacker, Alvin F. Pruitt and David A. Blake, for work and services which their cards fraudulently showed they rendered at said plant, and defendants fraudulently entered into said agreement and understanding with the intent and purpose of defrauding the United States.

The language used, as above set out, clearly alleges a conspiracy to defraud the United States within the provisions of Section 37 of the Criminal Code, Section 88, 18 U.S.C.A. Under a similar state of facts, almost identical, Judge Yankwich so held in the case of United States v. Furer, et al. D.C., 47 F.Supp. 402.

With the exception of Salas v. United States, 2 Cir., 234 F. 842, all the cases cited by petitioners involve the right of a corporation organized by the United States, or in which the United States is the sole stockholder, to sue and be sued as a private business corporation, without consent of Congress, said cases holding that such a corporation may be sued without the consent of Congress, but the cited decisions do not appear to be in point as to the question here raised. The allegations and charges are the same in the Graham and Muldrow cases, and the allegations in each case are sufficient to show an offense against the laws of the United States within the jurisdiction of the United States District Court of the Northern District of Texas. The Salas case does not involve the construction of an indictment with respect to whether the allegations show an offense against the laws of the United States within the jurisdiction of the United States District Court. In the Salas case the court found, first, that the evidence was insufficient to show a conspiracy to defraud the United States, and second, that the New York District Court did not have jurisdiction to hear and determine the cause because no overt act in furtherance of the conspiracy was alleged to have been committed within the jurisdiction of that court.

The petitioners, George A. Graham, Jr., and Jack Victor Muldrow, each, in open court, entered pleas of guilty to the charge in the indictment and there is no question raised that they were not represented by counsel or were not sufficiently advised as to all their constitutional rights preliminary to a trial. No contention was made in that respect.

In United States v. Walter, 263 U.S. 15, 44 S.Ct. 10, 11, 68 L.Ed. 137, it is stated: "As to the third count, while it is true that the corporation is not the United States, United States v. Strang, 254 U.S. 491, 41 S.Ct. 165, 65 L.Ed. 368, the contemplated fraud upon the corporation, if successful, would have resulted directly in a pecuniary loss to the United States, and even more immediately would have impaired the efficiency of its very important instrument. We are of opinion that it was within the words of section 37 [18 U.S.C.A. § 88] 'defraud the United States in any manner' and that on this, as on the other point the decision below is wrong."

United States v. Carlin, D.C., 259 F. 904, and United States v. Union Timber Products Co., D.C., 259 F. 907, also appears to be against the contention of the petitioners.

Langer et al. v. United States, 7 Cir., 76 F.2d 817, involves an indictment charging a conspiracy to defraud the Reconstruction Finance Corporation, where the defendants demurred to the indictment on the grounds that the Reconstruction Finance Corpora-

tion was not the government of the United States and that an indictment charging a conspiracy to defraud the corporation charged no offense against the laws of the United States. Though the case was reversed for insufficient evidence, the Court determined that the indictment properly alleged a conspiracy to defraud the United States and overruled the demurrer.

This writ which assails a judgment of a Court in another district where these defendants entered pleas of guilty, the only question urged here being that the court was without jurisdiction of the case, it seems to be without merit. The writs, by an appropriate order, will be denied.