## ELIZABETH ARDEN, Inc., et al. v. FEDERAL TRADE COMMISSION.

### No. 60.

Circuit Court of Appeals, Second Circuit.

June 5, 1946.

134

W. T. Kelley, of Washington, D. C. (Walter B. Wooden and Philip R. Layton, both of Washington, D. C., of counsel), for respondent.

Before CHASE, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. We agree with Elizabeth Arden Sales Corporation v. Gus Blass Co., 8 Cir., 150 F.2d 988, 991-993, certiorari denied 66 S.Ct. 231 [1] in rejecting petitioners' contention that § 2(e) is unconstitutional because of the omission of the words "engaged in commerce" (i.e., interstate commerce), found in the other subsections of § 2. The fact that the purpose of Congress in enacting the Robinson-Patman Price Discrimination Act was patently to exercise its well-recognized constitutional power to regulate interstate commerce, and the clear interrelation of (d) and (e), serve to show that the omission was inadvertent.[2] The Supreme Court has repeatedly held that a statute should be read in such a way as to carry out the Congressional intention, despite a contrary literal meaning, especially in order to avoid unconstitutionality.[3]

2. We reject the contention that the standard in § 2(e) is so indefinite that men of common intelligence cannot adequately grasp its meaning and that therefore it is invalid as an improper delegation of legislative power and violative of due process. We have read portions of peti-

Townley, Updike & Carter, of New York City (J. Howard Carter and Weymouth D. Symmes, both of New York City, of counsel), for petitioners.

[1] Cf. Corn Products Refining Co. v. Federal Trade Commission, 324 U.S. 726, 744, 745, 65 S.Ct. 961, 89 L.Ed. 1320.

[2] Cf. Kennedy v. Gibson, 8 Wall. 498, 506, 19 L.Ed. 476; First National Bank v. Williams, 252 U.S. 504, 511, 40 S.Ct. 372, 64 L.Ed. 690.

[3] Markham v. Cabell, 326 U.S. 404, 66 S.Ct. 193; United States v. N. E. Rosenblum Truck Lines, 315 U.S. 50, 55, 62 S.Ct. 445, 86 L.Ed. 671; Butts v. Merchants' & Miners' Transportation Co., 230 U.S. 126, 33 S.Ct. 964, 57 L.Ed. 1422; The Abby Dodge, 223 U.S. 166, 32 S.Ct. 310, 56 L.Ed. 390; United States v. Walter, 263 U.S. 15, 44 S.Ct. 10, 68 L.Ed. 137; United States v. American Trucking Associations, 310 U.S. 534, 542-544, 60 S.Ct. 1059, 84 L.Ed. 1345; United States v. Dickerson, 310 U.S. 554, 561, 562, 60 S.Ct. 1034, 84 L.Ed. 1356; S. E. C. v. C. M. Joiner Leasing Corp., 320 U.S. 344, 350, 351, 64 S.Ct. 120, 88 L.Ed. 88; Johnson v. United States, 1 Cir., 163 F. 30, 32, 18 L.R.A.,N. S., 1194; Van Beeck v. Sabine Towing Co., 300 U.S. 342, 351, 57 S.Ct. 452, 81 L.Ed. 685; United States v. Hutcheson, 312 U.S. 219, 235, 61 S.Ct. 463, 85 L. Ed. 788; Keifer & Keifer v. R. F. C., 306 U.S. 381, 391, 59 S.Ct. 516, 83 L. Ed. 784, Note 4; Federal Deposit Ins. Corp. v. Tremaine, 2 Cir., 133 F.2d 827, 830; cf. Stone, The Common Law in The United States, 50 Harv.L.Rev. (1936) 4, 13-16; Burstein v. United States Lines Co., 2 Cir., 134 F.2d 89, 93; Commissioner v. Beck's Estate, 2 Cir., 129 F.2d 243, 245.

tioners' brief in the Blass Company case which show that they experienced no difficulty in giving the standard a clear meaning. Aside from that, subsection (e) fully conforms to the doctrines as to delegation and due process enunciated in many recent decisions.[4]

3. We also reject petitioners' contention that subsection (e) must be construed to mean that the furnishing of services and facilities is unlawful only when— as expressly provided in subsection (a)— the Commission finds that the practice has had an adverse effect upon competition. Congress validly made the decision that conduct coming within the more definite standard of (e) was unlawful. We see no reason why the limitations contained in (a), or their equivalent, should be read into (e).[5]

4. Petitioners ask us, in any event, to modify the provision of the Commission's order which makes it applicable to "other retail purchasers who in fact resell such products in competition with retailers who receive such services." Petitioners assert that "Arden does not sell any of its products to wholesalers who in turn sell them to retailers." But the evidence shows that petitioners have, before 1941, sold to retailers directly and also indirectly through wholesalers or jobbers, and have discriminated in favor of some indirect purchasers and against some competitive retailers who made direct purchases, although furnishing some demonstrator services to other direct purchasers. The order appropriately prevents a re-

sumption of that practice. Petitioners express an apprehension that it may compel them to accord demonstrator services "on proportionately equal terms" to retail stores which acquire Arden products from so-called "bootleg sources." As that question did not arise in the proceedings before the Commission, we construe the order as not intended to cover it.[6]

Petition for review dismissed; enforcement of the Commission's order granted.

---

[4] See, e.g., Mahler v. Eby, 264 U.S. 32, 40, 41, 44 S.Ct. 283, 68 L.Ed. 549; United States v. Shreveport Grain & Elevator Co., 287 U.S. 77, 85, 53 S.Ct. 42, 77 L.Ed. 175; Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 397, 398, 60 S.Ct. 907, 84 L.Ed. 1263; Opp Cotton Mills v. Administrator, 312 U.S. 126, 142-146, 657, 61 S.Ct. 524, 85 L. Ed. 624; Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834; Mulford v. Smith, 307 U.S. 38, 48, 49, 59 S.Ct. 648, 83 L.Ed. 1092; Guiseppi v. Walling, 2 Cir., 144 F.2d 608, 615-623, 155 A.L.R. 761; United Business Corp. v. Commissioner, 2 Cir., 62 F.2d 754, 755, 756.

[5] Cf. Corn Products Refining Co. v. Federal Trade Commission, 7 Cir., 144 F.2d 211, 215; and see 324 U.S. 726, 745, 65 S.Ct. 961, 89 L.Ed. 1320; Oliver Bros. v. Federal Trade Commission, 4 Cir., 102 F.2d 763, 766-769; Biddle Purchasing Co. v. Federal Trade Commission, 2 Cir., 96 F.2d 687, 690, 691, certiorari denied 305 U.S. 634, 59 S.Ct. 101, 83 L.Ed. 407; Great Atlantic & Pacific Tea Co. v. Federal Trade Commission, 3 Cir., 106 F.2d 667, 673-678, certiorari denied 308 U.S. 625, 60 S.Ct. 380, 84 L.Ed. 521; Southgate Brokerage Co. v. Federal Trade Commission, 4 Cir., 150 F.2d 607, 609, 610, certiorari denied 66 S.Ct. 230.

[6] We do not consider the question whether persons buying from "bootleggers" are "purchasers" within the meaning of subsection 2(e).