29 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph R. CIMINO IV, Defendant-Appellant.
 No. 93-10326.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 15, 1994.
Decided July 22, 1994.
 
 1
 Before: FLETCHER and TROTT, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Joseph Rudolph Cimino IV appeals his jury conviction for four counts of bankruptcy fraud, in violation of 28 U.S.C. Sec. 152. Cimino contends that (1) the charges should have been dismissed because the proof at trial operated to materially amend the indictment against him, (2) the district court erred in instructing the jury on the government's "alter ego" theory of liability, (3) the district court erred in denying his Fed.R.Crim.P. 29(c) motion for acquittal because of insufficient evidence, and, in the alternative, (4) he was improperly prosecuted as an individual because the indictment charged only conduct attributable to the corporation. We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm as to counts two[1] and three of the indictment and reverse and remand as to counts four and five.
 
 I.
 
 4
 The Government's Theory of Personal Liability.
 
 
 5
 A. Counts Two and Three--Fraudulent Transfers.
 
 
 6
 On September 18, 1991, Cimino was charged by a five-count indictment with bankruptcy fraud violations under 18 U.S.C. Sec. 152. Counts one through three charged Cimino with knowingly and fraudulently transferring property in contemplation of the filing of a case "against him" under Title 11. Counts four and five charged Cimino with knowingly and fraudulently making false declarations "in relation to case No. 589-0022-MM, filed February 3, 1989 under Chapter 7, Title 11, United States Code."
 
 
 7
 Cimino argues that the prosecution impermissibly broadened the charges and constructively amended the indictment by basing liability on corporate conduct when the indictment was based on a personal bankruptcy, a personal business interest in two other corporations, D.J. & Associates and Transworld Trading Corp., and false declarations in Cimino's bankruptcy statement regarding Cimino's personal assets.
 
 
 8
 Whether an indictment has been constructively amended, either by an action of the court, or through proof at trial, is subject to de novo review. United States v. Pisello, 877 F.2d 762, 764 (9th Cir.1989).
 
 
 9
 The Pisello court succinctly phrased the amendment/variance distinction:
 
 
 10
 The line essentially is between the situation in which different evidence supports the charged crime and that in which the evidence supports a crime other than that charged. Although the latter, an amendment, requires reversal, the former, a variance, does not warrant reversal unless it affects the substantial rights of the defendant.
 
 
 11
 877 F.2d at 765 (emphasis added). See also United States v. Alvarez, 972 F.2d 1000, 1003 (9th Cir.1992), cert. denied, 113 S.Ct. 1427, 122 L.Ed.2d 795 (1993).
 
 
 12
 Counts two and three of the indictment in the present case charge Cimino with various fraudulent transfers in violation of 18 U.S.C. Sec. 152 (1988), which provides in pertinent part:
 
 
 13
 Whoever, either individually or as an agent or officer of any person or corporation, in contemplation of a case under title 11 by or against him or any other person or corporation, or with intent to defeat the provisions of title 11, knowingly and fraudulently transfers or conceals any of his property or the property of such other person or corporation;
 
 
 14
 ....
 
 
 15
 Shall be fined not more than $5,000 or imprisoned not more than five years, or both.
 
 
 16
 Id. (emphasis added). The fraudulent transfer provisions of section 152 clearly contemplate action by an individual on behalf of him/herself or a corporation in a title 11 action related to him/herself or a corporation. Thus, given the language of the statute itself, Cimino's argument that the indictment was amended must fail. The fact that the indictment identified individual actions while the proof at trial was concerned in part with corporate activities does not amount to an amendment because the statute criminalizes both actions taken by an individual on behalf of a corporation and corporate activities. By shifting the focus at trial to corporate activities, the government did not rely on evidence "support[ing] a crime other than that charged." There was no amendment.
 
 
 17
 The discrepancy between indictment and proof as to counts two and three at most amounts to a permissible variance: different evidence than that referred to in the indictment supports Cimino's conviction for the crime with which he was charged. The evidence was competent and admissible. Under corporations law, corporate conduct may be imputed to an individual defendant. And it is well-established that the "alter ego" theory of individual liability for corporate conduct is invoked to prevent fraud and crime.[2] See, e.g., Anderson v. Abbott, 321 U.S. 349, 64 S.Ct. 531, 538, 88 L.Ed. 793 (1944).
 
 
 18
 With respect to counts 2 and 3, the variance did not affect Cimino's substantial rights. Cimino was on notice that the government was concerned with actions taken in contemplation of the corporate bankruptcy proceeding. The indictment specifically mentions bankruptcy case number 589-0022-MM, which was filed against the Cimino Company. Thus Cimino was not prejudiced by the variance. See United States v. Momeni, 991 F.2d 493, 495 (9th Cir.) (No prejudice in prosecution for credit card fraud where defendant had notice the government would offer the evidence not alleged in the indictment and defendant did not object at trial), cert. denied, 114 S.Ct. 280, 126 L.Ed.2d 230 (1993); Alvarez, 972 F.2d at 1004 (9th Cir.1992) (No prejudice in felonious possession of firearm charge where "appellant was advised well before trial" that the government would attempt to prove movement of firearm at issue in foreign, rather than interstate, commerce." See also United States v. Young, 730 F.2d 221 (5th Cir.1984) (No prejudicial lack of notice where court inferred that defense strategy was to seek acquittal based on the discrepancy between the indictment and the evidence).
 
 
 19
 B. Counts Four and Five--False Statements.
 
 
 20
 The language in the false statement provisions of Sec. 152 is not as all-encompassing as the language in the fraudulent transfer provisions of that statute. Section 152 provides in pertinent part:
 
 
 21
 Whoever knowingly and fraudulently makes a false declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28 United States Code, in or in relation to any case under title 11;
 
 
 22
 ....
 
 
 23
 Shall be fined not more than $5,000 or imprisoned not more than five years, or both.
 
 
 24
 18 U.S.C. Sec. 152. Thus the language of the false statement provision of section 152 retains the corporate/personal distinction. In counts four and five, Cimino was erroneously convicted of failing to make disclosure of assets he held in his personal capacity on a statement requiring him to disclose corporate assets relating to a corporate bankruptcy. Cimino was not required to disclose personal assets, and may not properly face criminal liability under section 152 for failing to do so. We therefore reverse and remand as to counts four and five of the indictment.
 
 II.
 
 25
 The Court's "Alter Ego" Instruction.
 
 
 26
 Cimino argues that the trial court erred in instructing the jury on the "alter ego" doctrine. Jury instructions are generally reviewed for abuse of discretion and "are considered as a whole to determine if they are misleading or inadequate." United States v. Spillone, 879 F.2d 514, 525 (9th Cir.1989), cert. denied, 498 U.S. 878, 111 S.Ct. 210, 112 L.Ed.2d 170 (1990).
 
 
 27
 As noted above, as to counts two and three, based on the language of the statute, we conclude that defendant could have been convicted for either his individual or corporate acts relating to either a personal or corporate Chapter 11 bankruptcy. See 18 U.S.C. Sec. 152. Under the statute, Cimino could have been convicted even without the government's proving he was the "alter ego" of any or all of the corporations involved.[3] The proof of "alter ego" was thus unnecessary to the conviction. However, the government was justified in proceeding on this theory. The evidence was sufficient and the instruction adequate.
 
 III.
 
 28
 Motion for Judgment of Acquittal.
 
 
 29
 We review the denial of a motion for judgment of acquittal to determine "whether, viewing the evidence in the light most favorable to the Government, there was substantial relevant evidence produced from which the jury reasonably could have found the defendant guilty beyond a reasonable doubt." United States v. Sarault, 840 F.2d 1479, 1487 (9th Cir.1988).
 
 
 30
 A. Count Two: Fraudulent Transfers to D.J. &
 
 
 31
 Associates.
 
 
 32
 In count two, Cimino charges that the government failed to prove beyond a reasonable doubt that he fraudulently concealed the $30,000 paid to D.J. & Associates from the custodian of the bankruptcy court. Cimino argues that the payment was a lawful means of satisfying a legitimate debt.
 
 
 33
 The government produced the following evidence: Cimino established D.J. & Associates by letter request, paid its initial costs, opened the corporate account, and paid the debts of the corporation thereafter. One day after the bankruptcy petition was filed, Cimino transferred $30,000 in cash from the Cimino Company account to D.J. & Associates. That money was then immediately transferred to a second account, allegedly to pay debts of the Cimino Company.
 
 
 34
 The "alter ego" doctrine has specific elements: first, the court must find that there is such a unity of interest and ownership between the corporation and the shareholder that the two no longer exist as separate entities; second, it must be shown that failure to disregard the corporation would result in fraud or injustice. United States v. Standard Beauty Supply Stores, Inc., 561 F.2d 774, 777 (9th Cir.1977). We find no error. The evidence was sufficient to establish that Cimino was the "alter ego" of D.J. & Associates, and that he used this corporation as part of his scheme to transfer assets of the bankrupt corporation. We reject defendant's argument that he established reasonable doubt as a matter of law simply because he testified that he was innocent and the government failed to rebut that testimony. The jury was not required to accept Cimino's testimony, even if it was not rebutted by the government. United States v. Ramirez-Jiminez, 967 F.2d 1321, 1328 (9th Cir.1992). The motion for judgment of acquittal was properly denied as to count two.
 
 
 35
 B. Count Three: Concealment of the Produce.
 
 
 36
 Cimino argues that as to count three, the government failed to prove fraudulent concealment and the Cimino Company's ownership of the produce. The government presented evidence that: the produce in question was ordered by the Cimino Company, and was stored under the Transworld Trading name at the Cold Storage facility; Cimino rented the space; Cimino's father paid $10,000 to maintain the storage space; Cimino personally delivered $12,000 in cash to pay for the produce to remain in storage during the pendency of the bankruptcy proceedings; all business contacts between U.S. Cold Storage and Transworld Trading were handled by Cimino. Finally, located in trash discarded at Cimino's home during the course of trial were found (1) empty U.S. Cold Storage envelopes; (2) falsified invoices designed to demonstrate that produce stored in Oakland had been sold from the Cimino Company to Transworld Trading; and (3) correspondence between Cimino and his bankruptcy counsel, discussing the striking of Cimino's name from correspondence regarding Transworld Trading. We are satisfied that, in light of this evidence, a rational juror could conclude beyond a reasonable doubt that Cimino or his company owned the produce and sought to conceal it.
 
 IV.
 
 37
 The Overall Corporate/Personal Distinction.
 
 
 38
 As his last argument, Cimino asserts that if the court sustains the conviction based on corporate conduct, the convictions clearly cannot stand because he was indicted personally. As noted above, as to counts two and three, section 152 contemplates both corporate and individual conduct, including individual conduct taken on behalf of a corporation. Cimino was properly convicted for violation of the fraudulent transfer provisions of 18 U.S.C. Sec. 152.
 
 
 39
 The judgment of the district court is AFFIRMED as to counts two and three of the indictment, and REVERSED and REMANDED as to counts four and five of the indictment, for further proceedings consistent with this decision.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Count one was dismissed pursuant to Appellant's motion under Fed.R.Crim.P. 29 at the close of the government's case
 
 
 [2]
 The "alter ego" doctrine has long been applied in the criminal context. See, e.g., United States v. Walter, 263 U.S. 15, 44 S.Ct. 10 (1923); Redmond v. United States, 8 F.2d 24 (1st Cir.1925). See also United States v. NYNEX Corp., 788 F.Supp. 16 (D.D.C.1992)
 
 
 [3]
 See Stegeman v. United States, 425 F.2d 984, 986 (9th Cir.), cert. denied, 400 U.S. 837 (1970) ("Section 152 of Title 18 is a congressional attempt to cover all of the possible methods by which a debtor or any other person may attempt to defeat the intent and effect of the bankruptcy law through any type of effort to keep assets from being equitably distributed among creditors")